Martin W. Aron (MA 2008)
Scott H. Casher (SC 7903)
Edwards Angell Palmer & Dodge LLP
Attorneys for Defendant
750 Lexington Avenue
New York, NY  10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC SHERMAN, | No. 08 Civ. 0967 (HB)(JCF) |
| Plaintiff, | |
| v. | **ANSWER** |
| MCI COMMUNICATION SERVICES, INC., d/b/a VERZION BUSINESS SERVICES, | |
| Defendant. | |

Defendant Verizon Business Network Services Inc. ("Verizon") (incorrectly pled as MCI Communication Services, Inc., d/b/a Verizon Business Services), by and through its attorneys, Edwards Angell Palmer & Dodge LLP, answers the complaint on information and belief as follows:

## THE PARTIES

1. Verizon admits that it employed plaintiff between February 25, 2002 and December 15, 2006, but Verizon is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 1 of the complaint.

2. Verizon admits it provides telecommunications services and has offices in The City of New York, but it is a Delaware corporation with a principal place of business in Virgina, and refers all questions of law to the Court.

## THE NATURE OF THE ACTION

3.  Verizon denies the allegations contained in paragraph 3 of the complaint and refers all questions of law to the Court.

4.  Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 4 of the complaint.

## FACTS

5.  Verizon admits the allegations set forth in paragraph 5 of the complaint.

6.  Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 6 of the complaint.

7.  Verizon denies the allegations set forth in paragraph 7 of the complaint.

8.  Verizon denies the allegations set forth in paragraph 8 of the complaint.

9.  Verizon denies the allegations set forth in paragraph 9 of the complaint.

10. Verizon denies the allegations set forth in paragraph 10 of the complaint.

11. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 11 of the complaint.

12. Verizon denies the allegations set forth in paragraph 12 of the complaint.

13. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 13 of the complaint.

14. Verizon denies the allegations set forth in paragraph 14 of the complaint.

15. Verizon denies the allegations set forth in paragraph 15 of the complaint.

16. Verizon denies the allegations set forth in paragraph 16 of the complaint.

17. Verizon denies the allegations set forth in paragraph 17 of the complaint.

- 3 -

18. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 18 of the complaint.

19. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 19 of the complaint.

20. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 20 of the complaint.

21. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 21 of the complaint.

22. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 22 of the complaint.

23. Verizon denies the allegations set forth in paragraph 23 of the complaint.

24. Verizon denies the allegations set forth in paragraph 24 of the complaint.

25. Verizon denies the allegations set forth in paragraph 25 of the complaint.

26. Verizon denies the allegations set forth in paragraph 26 of the complaint.

27. Verizon denies the allegations set forth in paragraph 27 of the complaint.

28. Verizon denies the allegations set forth in paragraph 28 of the complaint.

## **AS AND FOR A FIRST CAUSE OF ACTION**

29. Verizon repeats its responses to paragraphs 1 through 28 of the complaint as though fully set forth herein.

30. Verizon denies the allegations contained in paragraph 30 of the complaint and refers all questions of law to the Court.

31. Verizon denies the allegations contained in paragraph 31 of the complaint.

32. Verizon denies the allegations contained in paragraph 32 of the complaint.

33. Verizon denies the allegations contained in paragraph 33 of the complaint.

34. Verizon denies the allegations contained in paragraph 34 of the complaint.

35. Verizon denies the allegations contained in paragraph 35 of the complaint.

36. Verizon denies the allegations contained in paragraph 36 of the complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Verizon repeats its responses to paragraphs 1 through 36 of the complaint as though fully set forth herein.

38. Verizon denies the allegations contained in paragraph 38 of the complaint and refers all questions of law to the Court.

39. Verizon denies the allegations contained in paragraph 39 of the complaint.

40. Verizon denies the allegations contained in paragraph 40 of the complaint.

41. Verizon denies the allegations contained in paragraph 41 of the complaint.

42. Verizon denies the allegations contained in paragraph 42 of the complaint.

43. Verizon denies the allegations contained in paragraph 43 of the complaint.

44. Verizon denies the allegations contained in paragraph 44 of the complaint.

45. Verizon denies the allegations contained in paragraph 45 of the complaint.

46. Verizon denies the allegations contained in paragraph 46 of the complaint.

47. Verizon denies the allegations contained in paragraph 47 of the complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

48. Verizon repeats its responses to paragraphs 1 through 47 of the complaint as though fully set forth herein.

49. Verizon denies the allegations contained in paragraph 49 of the complaint and refers all questions of law to the Court.

50. Verizon denies the allegations contained in paragraph 50 of the complaint.

51. Verizon denies the allegations contained in paragraph 51 of the complaint.

52. Verizon denies the allegations contained in paragraph 52 of the complaint.

53. Verizon denies the allegations contained in paragraph 53 of the complaint.

## AS AND FOR A FIRST DEFENSE

54. Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## AS AND FOR A SECOND DEFENSE

55. Plaintiff's complaint should be dismissed because all actions taken by Verizon with respect to plaintiff were undertaken in good faith, for legitimate business reasons, and Verizon has not violated any rights which may be secured to plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A THIRD DEFENSE

56. No adverse employment action was been taken against plaintiff as a result of the actions alleged in the complaint.

## AS AND FOR A FOURTH DEFENSE

57. Plaintiff's claim is barred, in whole or in part, because he has suffered no harm that was proximately caused by Verizon.

- 6 -

## AS AND FOR A FIFTH DEFENSE

58.     Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunity provided by Verizon or to avoid harm otherwise.

## AS AND FOR A SIXTH DEFENSE

59.     At all times material hereto, Verizon had an anti-discrimination policy in place that prohibited the conduct alleged by plaintiff.  To the extent that any unlawful conduct occurred, plaintiff failed to follow the procedures set forth therein that Verizon had established to address employees' complaints.

WHEREFORE, Verizon Business Network Services Inc. respectfully requests that this Court:

     a.     Dismiss the complaint in its entirety;

     b.     Deny each and every demand, claim and prayer for relief contained in the complaint;

     c.     Award to defendant reimbursement for its reasonable attorneys' fees and costs incurred in defending this action; and

     d.     Grant such other and further relief as the Court may deem just and proper.

Dated: February 5, 2008

                                            /s/
                                   Martin W. Aron (MA 2008)
                                   Scott H. Casher (SC 7903)
                                   Edwards Angell Palmer & Dodge LLP
                                   Attorneys for Defendant
                                   750 Lexington Avenue
                                   New York, New York  10022
                                   (212) 308-4411

To:    Carrie Kurzon, Esq.
         The Ottinger Firm, P.C.
         Attorneys for Plaintiff
         19 Fulton Street, Suite 408
         New York, New York  10038
         (212) 571-2000